## SMITH vs. SIMMONS AND CLARK.

Petition for an injunction against two, one makes default, the other answers and moves to dissolve the injunction; if it appears, from the answer put in, that the party making it has no interest in the judgment enjoined, but is a mere agent of the defendant who is in default, the injunction may be dissolved as to him and stand as to the defendant in default, if it appears that the plaintiff has any equity on the face of his bill.

That material facts, without proof of which no defence could be made at law, are known to the parties only, is good ground of application in chancery.

### IN CHANCERY.

The bill states, that some time previous to the month of January 1809, one John Simmons, whom, &c. obtained a judgment against the complainant, in the county court of Ohio, Virginia, for about six or seven dollars damages, which, with costs, amounted to about $25— that one John Clark, whom, &c. undertook to settle said judgment for complainant, after he had been sued upon it, before Thomas Thompson, Esq. and a judgment for $25 16 rendered against him. That, afterwards, the complainant brought a suit against Clark, for work and labor done, which was finally tried in the Supreme Court of Belmont county—upon which trial the said Clark exhibited the amount of said judgment against the complainant, and claimed to set-off the same—that Clark proved, by the deposition of one. Chapline, that he (Chapline) as agent for Simmons, had received the amount of Simmons' judgment against the complainant from Clark, and that the jury, upon the trial, allowed the same amount to Clark as a credit—that Clark has recently obtained a transcript of the judgment in favor of Simmons, from the docket of J. Thompson, Esq. and lodged the same with Thomas Mitchell, Esq. who has, upon a scire facias, rendered judgment and awarded execution against the complainant for the amount of it. The bill prays process against Simmons and Clark, asks for injunction against the judgment before Mitchell, and for general relief.

The answer of Clark "admits that Simmons recovered judgment in Virginia, as stated in the bill—denies that respondent undertook to settle the said judgment as stated in the bill—admits that a suit was brought in Belmont and tried, and that defendant produced the deposition of Chapline—but alledges that the deposition was refused to be read in evidence; and the respondent is not advised that the jury allowed him any set-off by reason of such claim, but, on the contrary thereof, unders tood the jury disregarded their claims altogether, and considered there was no cause of action—and alledges that he has

now large claims against the said Smith, which remain unsettled—admits that he took the transcript to Esquire Mitchell, and obtained a judgment, but alledges that the same was done in pursuance of his instructions from the owners of the judgment."

Simmons not having answered, the complainant is entitled to a decree, pro confesso, as against him.

WRIGHT, for Clark, moves the court to dissolve the injunction— "The bill states, that suit was brought by Simmons against Smith in Virginia, and judgment recovered, which was brought over into this state and sued, and judgment recovered on it before Esq. Thompson; and that the defendant Clark, afterwards undertook to settle it for the complainant—that afterwards complainant brought suit in court against Clark, for work, &c.; and that, on the trial, the jury allowed it as an off-set; that since, a transcript has been lodged with Esq. Mitchell, and a judgment rendered on Esq. Thompson's judgment. Clark, in his answer, denies that he undertook to settle the judgment for Smith, and also that the same was allowed him as a set-off. This bill, unconnected with the answer, has no equity to support it. If Clark obtained a set-off for the judgment in his suit with Smith, it was susceptible of proof, and would have been a good legal defence to the suit before Esq. Mitchell, on the scire facias. He neglected to avail himself of this legal right. He surely cannot lie by in a suit at law, until his legal rights are gone, and then get relief in Chancery. His loss is attributable to his own negligence, and not to the fraud or circumvention of the defendant or any other person. But should there be doubt on this, the answer sets the matter at rest. When the answer responds to the bill, it must be considered conclusive. The judgment at law has been fairly entered, without allegation of fraud in the defendants, or either of them. They think they are not to be longer deprived of their legal rights on this judgment by such allegations as these, without pretence of proof. The judgment has now been hung up near three years."

HAMMOND, contra—"The bill charges that Clark undertook to pay the debt to Simmons; and, upon a suit brought by Smith against Clark, produced the amount of the judgment in favor of Simmons as an off-set, and the testimony of Moses Chapline who proved that he was the agent of Simmons, and had received the amount from Clark, which was allowed by the jury as an off-set in Clark's favor—prays a perpetual injunction against Clark proceeding in the name of Simmons,

or Simmons himself proceeding upon this judgment. Clark, in his answer, denies that he undertook to pay the judgment to Chapline — admits the suit against Smith and the producing of Chapline's deposition, which

he alleges was not allowed to be read, and says he is not *advised* that the jury allowed him any off-set for the claim, but has understood the jury disregarded all claims, and considered that Smith had no cause of action against him—and charges that Smith is now largely in his debt—admits that he instituted the present proceedings at law, which he did by instructions of the *owners* of the judgment. Simmons has not answered—the notice as to an absent defendant has been regularly given, and is proved in the cause. The motion is to dissolve the injunction upon the answer of Clark. Upon the coming in of the answers of all the parties who are conversant with the facts charged, if such answers are clear and distinct denials of the principal allegations of the bill, the injunction is dissolved of course. But that is not the case here—Simmons has not answered at all, and the answer of Clark is evasive if not false upon the face of it. The answer of Simmons is very material in this case. It is of importance to know whether Chapline was his agent, and whether he had received the amount of the judgment from Chapline, and whether he is now prosecuting the suit at law, or has given Clark authority to do it. If these matters are not, in fact, as claimed by Clark, his interference throughout is an intermeddling without authority. If Chapline was not the agent of Simmons, a payment to him would be no bar. Chapline was dead at the trial before Mitchell, so that this fact could not be proved by him. If Clark is not now the agent of Simmons, he had no right to take the transcript to Mitchell and sue out the scire facias. The allegation of this agency in the owner is not responsive to that bill, and therefore requires proof. Clark's answer is evasive—he denies undertaking to settle the judgment in favor of Simmons: but he does not deny claiming the amount as an off-set against Smith, nor does he admit it— he admits taking Chapline's deposition, but does not say for what it was taken. He admits it was offered in evidence, but alleges it was not read. This allegation is not responsive to the bill, and requires proof. He does not positively deny that the off-set was allowed, but says he is *advised* that it was not, and that he has understood that the claims of both parties were rejected. The bill charges, positively, that the amount was allowed as a credit. It is said, on the other side, that this fact, if it existed, is susceptible of proof. This is admitted, and

what follows? Certainly that, on this point, Clark could answer positively and by '*advised*' and '*understood.*' Clark does not deny paying the amount to Chapline—he says that he did not undertake to do it. He does not deny obtaining a credit for it, but says, he understood that he did not. As the answer stands, he did not undertake to pay it; yet he charged it to Smith in account, and claimed credit for it, but is not advised whether he obtained that credit or not; understood he did not; and is now carrying on the original suit by instructions from the *owners*. Here is another evasion. He is not proceeding as agent of Simmons, the party to the judgment. But the owners, in the plural ——Who are they? No doubt John Clark and Co. In his answer, Clark dare not deny claiming credit for the amount of this judgment against Smith. He dare not deny attempting to prove, that he had paid the amount to the agent of Simmons. On these points he equivocates, and attempts to gloss over them by evasions. And by claiming to be acting, now, under authority from the *owners*, he broadly admits that his former attempts to obtain credit for this sum, was palpable imposition; for he thereby at least intends the court to understand that he is not the owner. Upon such an answer, the court will surely not dissolve the injunction without the answer of the other party. As it respects Simmons, he stands in default; and the complainant demands a decree, pro confesso, against him. By his default, the matter of the bill, as against him, is confessed—his agent, Chapline, has received the amount of the judgment, and it is satisfied. It will certainly puzzle the court to perpetuate the injunction against the party for failing to answer, and dissolve it upon the answer of a person not party to the original suit, and who claims only to be the agent of the party thus perpetually enjoined.—This state of the case shews the absurdity of claiming a dissolution of the injunction upon the answer of Clark alone."

' PRESIDENT.—The complainant being entitled, by the default of Simmons, to a decree against him, this motion can only be sustained on the ground that the complainant has not exhibited a case which authorizes the interference of this court; and accordingly it is urged, in support of the motion, that if the facts were true, as stated in the bill, they would have formed a good defence at law, and might have been so used by way of defence to the scire facias before justice Mitchell. It will be necessary to examine this position. The judgment in Virginia, and before justice Thompson, was at the suit of and

in favor of Simmons against Smith. It is alledged to have been paid by Clark for Smith to Chapline as agent of Simmons: the payment to Chapline could not avail Smith, unless he also proved his (Chapline's) authority to receive the money: now Chapline was dead; it could not, therefore, be proven by him: Simmons was plaintiff in the scire facias, and could not be compelled, at law, to answer to the fact of agency. It does not appear, therefore, how this fact could be proven before justice Mitchell; and although it is considered as now admitted by Simmons, yet it no where appears that it could in any way be made out but in a chancery proceeding. The complainant, then, had no defence at law. If the judgment had been paid to Chapline, as Simmons' agent, by Smith or Clark for him, it is inequitable surely to allow an execution to issue for the amount of it. This payment stands admitted by Simmons, and is not denied by Clark. The latter, in his answer, "denies that he undertook to settle the said judgment as stated in the bill"—he may have undertaken to settle the judgment, however, and may have paid it to Chapline. This mode of answering is equivocal; and, when he admits the deposition of Chapline, swearing to the fact of payment, a deposition taken at his instance and to be used for him, the grounds on which this suit rests, seem strengthened rather than done away by the answer of Clark. But the injunction might be dissolved as to Clark, if, as it stands, it could affect his interests; but it does not appear that it has any such effect: from his answer I cannot conclude that he has any interest whatever in the judgment against Smith; he has taken the management of the business into his hands for other persons; he is merely an agent for the owners, so that an injunction against the judgment, must be merely indifferent to him. Motion overruled.